# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CLECTIVE GA, INC.,                    :
                                      :
      Plaintiff,                 :
                                      :
      v.                         :    CIVIL ACTION NO.
                                      :    1:09-CV-657-RWS
BELLSOUTH                             :
TELECOMMUNICATIONS, INC.              :
d/b/a AT&T GEORGIA,                   :
                                      :
      Defendant.                 :

## ORDER

This case is before the Court on Plaintiff's Motion for Preliminary Injunction [Dkt. No. 8]. After considering the entire record, the Court enters the following Order.

It is settled law in this Circuit that a preliminary injunction is an "extraordinary and drastic remedy." Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985). To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) . . . irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002).

After a hearing before the Court on April 1, 2009, the Court concludes that Plaintiff's Motion must be **DENIED**. First, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits as to the underlying matter. More importantly, any injunctive relief the Court might afford would be conditioned upon the posting of a substantial bond. Because Plaintiff has filed for bankruptcy, the Court has reservations that a bond could be imposed that would afford Defendant adequate protection, because the forfeiture of such a bond may be a prohibited preference for a creditor. In the absence of a bond, Defendant would be unduly harmed by an injunction. Therefore, the Court hereby **DENIES** Plaintiff's Motion for Injunctive Relief [Dkt. No. 8].

**SO ORDERED**, this   2nd   day of April, 2009.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)